IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JASON DAVID YONAI,

    Petitioner,                    No. CIV S-06-2324 DFL DAD P

    vs.

EVANS, Warden, et al.,

    Respondent.                ORDER

_____/

        Petitioner is a state prisoner proceeding with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his conviction on July 3, 2002 in the San Joaquin County Superior Court for assault with a deadly weapon. Petitioner has also filed a application requesting leave to proceed in forma pauperis.

        Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit. Accordingly, the application to proceed in forma pauperis will be granted. See 28 U.S.C. § 1915(a).

        The court is unable to determine if petitioner has exhausted state remedies for all of his claims. Petitioner indicates that he presented the following claims to the California Supreme Court: (1) ineffective assistance of counsel, (2) "false evidence violation of civil rights," (3) missing evidence, (4) illegal sentence, (5) wrongful conviction, (6) "unprobable cause

1

of evidence," (7) Brady error by prosecution, and (8) prosecutorial misconduct. (Petition at 5.) However, it appears that petitioner is claiming at least eleven grounds for relief in his habeas petition.

The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. See 28 U.S.C. § 2254(b)(1). A petitioner satisfies the exhaustion requirement by fairly presenting to the highest state court all federal claims before presenting them to the federal court. See Duncan v. Henry, 513 U.S. 364, 365 (1995) (per curiam); Picard v. Connor, 404 U.S. 270, 276 (1971); Crotts v. Smith, 73 F.3d 861, 865 (9th Cir. 1996); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1986). Therefore, the court will order petitioner to file an amended petition to clarify his claims and indicate whether each of those claims have been exhausted.

Petitioner will be ordered to use the form petition provided by the court.[1] He must answer each question without reference to an attachment or an answer to a previous question. Petitioner is advised that in his amended petition, it is not necessary to provide legal arguments to support his claims. However, he must separately state each claim and provide facts that support that claim and demonstrate that his federal constitutional rights were violated. A general summary of facts or a chronology of events that is intended to apply to all or several claims, is insufficient.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's request for leave to proceed in forma pauperis is granted;

2. Petitioner's petition is dismissed;

3. Petitioner is granted thirty days from the date of service of this order to file an amended petition that complies with the requirements of the Federal Rules of Civil Procedure; that any amended application must bear the docket number assigned this case and must be

---

[1] Petitioner is also advised to leave sufficient space at the top, bottom and side margins, and to write large enough to make his amended petition legible.

1 labeled "Amended Application;" petitioner must use the form petition provided by the court;
2 petitioner must file an original and one copy of the amended petition; petitioner's failure to file
3 an amended petition in accordance with this order will result in the dismissal of this action; and
4     4. The Clerk of the Court is directed to provide petitioner with the court's form
5 petition for a writ of habeas corpus for a state prisoner.
6 DATED: December 8, 2006.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
yona2324.9

3