IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JASON DAVID YONAI,

      Petitioner,                      No. CIV S-06-2324 RRB DAD P

   vs.

EVANS, Warden, et al.,

      Respondents.              FINDINGS AND RECOMMENDATIONS

_____/

      Petitioner is a state prisoner proceeding pro se with an amended petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Before the court is respondents' motion to dismiss this action on the grounds that the habeas petition received by this court on October 23, 2006, was filed beyond the applicable one-year statute of limitations.

BACKGROUND

      On July 3, 2002, a judgment of conviction was entered against petitioner in the San Joaquin County Superior Court pursuant to his previously entered plea of no contest to the charge of assault with a deadly weapon or by means likely to produce great bodily injury in violation of California Penal Code § 245(a)(1).  (Lodged Document (Lod. Doc.) No. 1, lodged Sept. 17, 2007.)  The assault in question took place at Deuel Vocational Institution (DVI) where both petitioner and the victim of the assault were inmates.  (Mot. to Suppl. Pet'r's Opp'n (Suppl.

1

Opp'n), filed June 12, 2007, Ex. Crime/Incident Report.[1])  Petitioner was sentenced to a prison term of three years to run consecutive with the sentence he was already serving and he appealed from the judgment of conviction.  (Lod. Doc. No. 2.)  On March 6, 2003, the California Court of Appeal for the Third Appellate District, affirmed the judgment.  (Id.)  Petitioner did not file a petition for review with the California Supreme Court.

Petitioner subsequently filed several pro se post-conviction collateral challenges to his conviction in state court.[2]  Only the following two petitions are of any relevance in disposing of the pending motion:

> 1.  On February 26, 2003, petitioner filed a petition for writ of habeas corpus with the California Court of Appeal for the Third Appellate District (identified by respondents as "The Second Petition").  On March 6, 2003, that petition was denied.  (Lod. Doc. Nos. 5 & 6.)

> 2.  On February 3, 2006, petitioner filed a petition for writ of habeas corpus with the San Joaquin County Superior Court (identified by respondents as "The Fourth Petition").  That petition was denied on March 16, 2006.  (Lod. Doc. Nos. 9 & 10.)[3]

MOTION TO DISMISS

Respondents contend that the statute of limitations for petitioner's filing of a federal habeas petition began to run on April 16, 2003, when the time for filing a petition for

---

[1] Petitioner's motion to supplement his opposition was attached to a letter titled "Motion to withdrawal or withdraw and Request for Immediate Relief."  (See Court Doc. No. 28.)  The letter bore no case file number and it appears that the letter pertains to Yonai v. Henry, 06-2486 RRB DAD P, a separate civil rights action being pursued by petitioner in this court.  A duplicate of the letter was also filed in that civil rights case which was closed on June 22, 2007, pursuant to Mr. Yonai's request for voluntary dismissal.

[2] Although respondents contend that petitioner filed fifty-five post-conviction petitions, respondent overlooks the fact that not all of those petitions attacked petitioner's July 3, 2002 conviction for assault of an inmate with a deadly weapon.  In this regard, on January 8, 2002, petitioner was convicted of battery of a correctional officer by "gassing" (see Lod. Doc. No. 1) and some of the state habeas petitions cited by respondent sought only to attack this earlier conviction.

[3] The other state habeas petitions were all thereafter filed by petitioner between February 24, 2006 and February of 2007.  (MTD at 2-10.)

review with the California Supreme Court expired, and would have expired on April 16, 2004 absent any tolling.[4]  Because petitioner did not file his federal petition in this court until 2006, resolution of the pending motion turns on whether he is entitled to any period of statutory or equitable tolling sufficient to allow the federal petition to be deemed timely filed.

As noted, respondents lists fifty-five state post-conviction petitions submitted by petitioner which they contend challenged the July 3, 2002, assault conviction at issue here.[5] Respondents note that petitioner's first and second state habeas petitions were filed before his judgment of conviction became final and thus cannot have any tolling consequences.  With respect to petitioner's third habeas petition filed with the California Court of Appeal, applying the mailbox rule, respondents contend that the petition was filed on June 27, 2003, the date petitioner signed the form petition.  Respondents concede that the statute of limitations for petitioner's filing of a federal petition was tolled from June 27, 2003 until July 17, 2003, when the state appellate court denied this petition.   Respondents argue that petitioner's fourth state habeas petition was not filed until February 3, 2006 with the San Joaquin County Superior Court. Respondents contend that because this petition was not filed in the California Supreme Court, the next higher court than that in which the previous petition was filed, and because petitioner delayed approximately two and a half years before filing of this fourth petition, there can be no tolling of the statute of limitations caused by its filing.

In summary, respondents argue that since the statute of limitations for the filing of petitioner's federal habeas action began to run on April 16, 2003 and was tolled for a mere 21 days while his third state habeas petition was pending before the state appellate court, the statute of limitations expired on May 6, 2004.  Since petitioner did not file his federal petition until

/////

---

[4]  Respondents cite to California Rules of Court 24(a), 28(b) and 45(a) as providing petitioner forty days to file his petition for review.

[5]  See fn. 2, supra.

2006, long after the one-year statute of limitations had expired, this action is time barred and should be dismissed.[6]

## OPPOSITION TO MOTION TO DISMISS

Petitioner has filed a document styled, "Motion for Opposition to Attorney Generals [sic] Motion for dismissal, Motion for Evidentiary Hearing, Motion to compel discovery, Motion for summary judgment." (Court Doc. No. 24.) The court and respondents have construed this filing as petitioner's opposition to the motion pending before the court. Therein, petitioner argues that the Deputy Attorney General has "committed prosecutorial errors and misconduct by filing a motion to dismiss" because there was a "'fundamental miscarriage of justice'" due to discrepancies in the crime/incident report and photographs taken following the incident which resulted in the assault charge being brought against him. (Opp'n at 1.) Petitioner contends that a description of the razor blade used during the assault does not match the photographs that were taken of the razor blade allegedly used during the assault. (Id.) Petitioner also seeks to invalidate or exclude three incriminating statements he provided, which he now contends included "false and incorrect information," as well as his confession made in a letter to his father, which petitioner now argues should have been excluded because it was illegally seized by DVI mailroom employees. (Id.) As to the timeliness of his federal petition, petitioner vaguely advances an argument that because of the deficiencies mentioned above, the statute of limitations does not apply pursuant to Rule 52(b) of the Federal Rules of Criminal Procedure.[7] (Id.) Petitioner does not provide any argument in support of his apparent request for an evidential hearing, his motion to compel discovery or his motion for summary judgment.

---

[6] Consistent with this argument is respondents' contention that petitioner's filing of his fourth state habeas petition and the subsequent fifty state petitions have no tolling effect on the already-expired statute of limitations.

[7] Rule 52(b) of the Federal Rules of Criminal Procedures provides that in all criminal proceedings in federal court: "A plain error that affects substantial rights may be considered even though it was not brought to the court's attention." The rule is inapplicable in this case.

4

On June 12, 2007, petitioner filed a supplemental opposition to respondents' motion to dismiss. Petitioner did not seek or obtain leave from the court to file this unauthorized pleading. Nonetheless, in light of petitioner's pro se status and in the interest of justice, the court has reviewed and considered the supplemental opposition. Therein, petitioner once again argues that the assault charge and the sentence imposed following his no contest plea to that charge are "illegal and wrongful" because "false evidence" was included in the incident report, statements regarding the incident attributed to him reflected inconsistencies and of unidentified evidentiary deficiencies. (Supp. Opp'n at 1.)[8] Citing the decisions in In re Clark, 5 Cal. 4th 750 (1993), In re Robbins, 18 Cal. 4th 770 (1998) and Calderon v. United States District Court (Beeler), 128 F.3d 1283, 1288-89 (9th Cir. 1997), overruled in part on other grounds by Calderon v. United States Dist. Court (Kelly), 163 F.3d 530 (9th Cir. 1998), petitioner merely asserts without explanation that this action is not time barred.

## ANALYSIS

I. The AEDPA Statute of Limitations

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act ("AEDPA"). AEDPA amended 28 U.S.C. § 2244 by adding the following provision:

> (d) (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

/////

---

[8] Petitioner has attached a copy of the prison incident report and other documentation to his supplemental opposition.

5

>   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>   (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). The one-year AEDPA statute of limitations applies to all federal habeas corpus petitions filed after the statute was enacted and therefore applies to pending petition. See Lindh v. Murphy, 521 U.S. 320, 322-23 (1997).

II. Application of § 2244(d)(1)(A)

It is undisputed that in 2002, petitioner entered a no contest plea to assault with a deadly weapon or by means likely to produce great bodily injury in violation of California Penal Code § 245(a)(1) and was sentenced in the San Joaquin County Superior Court to a three-year term of imprisonment. It is also undisputed that petitioner appealed his conviction and that on March 6, 2003, the judgment was affirmed by the California Court of Appeal for the Third Appellate District.

Petitioner's judgment of conviction became final within the meaning of § 2244(d)(1)(A) when the time for filing a petition for review expired on April 15, 2003, forty days after the California Court of Appeal affirmed the judgment. See Cal. Rules of Court 8.264(b)(1) and 8.500(e)(1).[9] Thus, the statute of limitations began to run the following day on April 16, 2003. See Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001) (the statute of limitations begins to run the day after the criminal judgment becomes final). It expired one year later on

/////

---

[9] The California Rules of Court were renumbered January 1, 2007.

6

April 16, 2004, absent tolling. Since petitioner's federal habeas petition was not filed until April 16, 2006, this action is untimely unless the statute of limitations is subject to tolling.[10]

III. Tolling under § 2244(d)(2)

The court agrees with respondents that petitioner is not entitled to statutory tolling for the time a state habeas petition is pending when the petition was filed prior to the time the judgment of conviction became final and the statute of limitations began to run. Thus, statutory tolling does not apply to petitioner's state habeas petition filed on February 26, 2003 with the California Court of Appeal (identified by respondents as "The Second Petition").[11]

Petitioner's next state habeas petition challenging his July 3, 2002, assault conviction was filed on February 3, 2006 (identified by respondents as "The Fourth Petition"). That petition was filed almost two years after the statute of limitations had expired on April 16, 2004. The filing of a state collateral action after the expiration of the limitations period does not restart the clock at zero or otherwise save a claim from being time barred. Once the statute has run, a collateral action cannot revive it. Fergusen v. Palmateer, 321 F.3d 820, 823 (9th Cir.) ("[W]e hold that section 2244(d) does not permit the reinitiation of the limitations period that has

/////

---

[10] Petitioner purportedly signed his original petition on April 16, 2006. However, it was not received and filed by the Clerk of the District Court until October 23, 2006. If one presumes that petitioner gave the federal petition to prison authorities for mailing on the date indicated on the signature page of the petition, application of the mailbox rule announced in Houston v. Lack, 487 U.S. 266, 276 (1988), would dictate that the earliest possible filing date for that petition was April 16, 2006. Petitioner has not explained the delay of over six months between the purported signing date and the date the petition was received by the court. Nonetheless, because it is not determinative of the pending motion, the court will apply the mailbox rule in petitioner's favor and use April 16, 2006 as the filing date of the federal petition.

[11] Both of petitioner's habeas petitions filed with the California Court of Appeal for the Third Appellate District on July 12, 2002 (identified by respondents as "The First Petition") and July 9, 2003 (identified by respondents as "The Third Petition") challenged only his conviction for battery by gassing and thus can have no effect on the statute of limitations with respect to the pending petition. Thus, respondents' concession of twenty days of statutory tolling during the pendency of the "Third Petition" is in error. Even if the erroneous concession was accepted, however, the result would be no different given the extent of the delay here.

7

ended before the state petition was filed."), cert. denied 540 U.S. 924 (2003); Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001), cert. denied 538 U.S. 949 (2003).

Therefore, the court finds that petitioner is not entitled to any period of statutory tolling. The AEDPA statute of limitations for the filing of a federal habeas petition attacking the July 3, 2002 assault conviction began to run on April 16, 2003, and expired one year later on April 16, 2004. The federal petition was not filed[12] until April 16, 2006, at the earliest, two years after the statute of limitations had expired. Therefore, petitioner's federal habeas petition is time barred.

## CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Respondents' April 12, 2007 motion to dismiss this action as filed beyond the one-year statute of limitations, be granted; and

2. This action be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: January 28, 2008.

/s/ Dale A. Drozd
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
yona2324.mtd2

---

[12] See fn. 10, supra.